**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1443**

NANCY HAY-REWALT; RONALD HAY-REWALT,

    Plaintiffs - Appellants,

  v.

BOSTON SCIENTIFIC CORPORATION,

    Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:12-cv-09912)

Submitted: October 29, 2015   Decided: November 24, 2015

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

A. Craig Eiland, Bret D. Stanley, THE LAW OFFICES OF A. CRAIG EILAND, PC, Galveston, Texas, for Appellants. Daniel B. Rogers, SHOOK, HARDY & BACON L.L.P., Miami, Florida; Michael Bonasso, FLAHERTY SENSABAUGH & BONASSO PLLC, Charleston, West Virginia, Lindsey M. Saad, FLAHERTY SENSABAUGH & BONASSO PLLC, Morgantown, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy and Ronald Hay-Rewalt appeal the district court's order dismissing their lawsuit, which was based on injuries sustained from the implantation of transvaginal surgical mesh. This case is one of many referred by a Judicial Panel on Multi-District Litigation to the Southern District of West Virginia. Applying Michigan law, the district court granted Defendant's motion for summary judgment on the ground that the Hay-Rewalts' action was barred by the statute of limitations.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty., 673 F.3d 333, 336 (4th Cir. 2012). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An otherwise properly supported summary judgment motion will not be defeated by the existence of some factual dispute, however; only disputes over facts that might

2

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  <u>Id.</u> at 248. Indeed, to withstand a summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(c)(1).

We have thoroughly reviewed the district court's order, the parties' briefs, and the materials submitted on appeal.  We conclude that the district court did not err in finding the Hay-Rewalts' action barred under Michigan's statute of limitations. Accordingly, we affirm for the reasons stated by the district court.  <u>Hay-Rewalt v. Boston Scientific Corp.</u>, No. 2:12-cv-09912 (S.D. W. Va. Mar. 26, 2015).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>